Dykman, J.
This was a summary proceeding for the removal of a tenant. The premises were rented to the defendant, by the plaintiff, on the seventeenth day of February, 1882, for the term of one month, and by the month from that time. On June 17, 1882, she caused notice to be served on him requiring him to remove on July 17, 1882 ; on that day she procured a summons for his removal, returnable July 18, 1882.
The statute is : 66 The precept must be returnable not less than three nor more than five days after it is issued, except that where the proceeding is taken upon the ground that a tenant continues in possession of demised premises after the expiration of his term, without permission of his landlord, and the application is made on the day of the expiration of the lease, or on *90 the next day thereafter, the precept may, in the discretion of the judge or justice, be made returnable on the day on which it is issued, at any time after twelve o’clock, and before six in the afternoon (Qode,-% 2238).
It will be seen, therefore, that it was competent for the justice to make-the precept in this proceeding returnable on the day on which it was issued, or not less than three nor more than five days thereafter, but not the next day.
These statutory proceedings are quite technical, and . the statutes must be strictly pursued. There is no authority for such a summons as that issued in this case.
The petition presented to the magistrate was sufficient to bestow jurisdiction of the subject, but it required a regular precept, properly served, or a voluntary appearance, to confer jurisdiction of the person. The summons issued was irregular and insufficient, and could not form the basis of any judicial proceeding.
Neither was There any appearance to give jurisdiction over the person.
The return of the justice states that “ the defendant, without offering to put in a written answer, showed me a physician’s certificate that defendant’s wife was sick ; I told him if he wanted to have an adjournment or a trial of the matter he must file a written and sworn answer, which he failed to do, and he then immediately left the court-room.”
He did nothing more than enter the court-room, show the certificate to the magistrate, and leave the room, without uttering a word. This was not an appearance in the action, and so no jurisdiction was obtained of the person of the defendant.
The judgment of the county court should be affirmed, with costs.
Judgment affirmed.